## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DJUANA SIRKER**                                       **CIVIL ACTION**

**VERSUS**                                              **NO. 22-1390**

**USAA INSURANCE CO.**                                  **SECTION: "G"**

## ORDER AND REASONS

Before the Court is Plaintiff Djuana Sirker's ("Plaintiff") "Motion to Remand."[1] In the motion, Plaintiff argues that Garrison Property and Casualty Insurance Company ("Garrison"), an entity not named as a party to this action, improperly removed this civil action to federal court.[2]Additionally, Plaintiff contends that this Court lacks subject matter jurisdiction over this action because USAA Insurance Company ("USAA"), the only named defendant in this action, is not diverse from Plaintiff.[3] Therefore, Plaintiff asserts that this case should be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[4] Garrison opposes the motion, and argues that removal was proper because it is the proper party defendant and is completely diverse from Plaintiff.[5] For the reasons discussed in detail below, Garrison is not the named defendant, and it lacked the authority to remove this action to federal court. Accordingly, having considered the motion to remand, the memoranda in support and opposition, the record,

---

[1] Rec. Doc. 7.

[2] *Id.*

[3] *See* Rec. Doc. 7-1 at 1–2.

[4] Rec. Doc. 7.

[5] Rec. Doc. 9.

and the applicable law, the Court grants Plaintiff's motion and remands this action 24th Judicial District Court for Jefferson Parish, State of Louisiana.

## I. Background

In this litigation, Plaintiff alleges that her insurer, USAA, failed to pay for losses sustained to her property on or about August 29, 2021, during Hurricane Ida.[6] Plaintiff seeks to recover $94,401.17 from USAA for repair and damages to the property.[7] On May 13, 2022, Plaintiff filed a "Petition for Damages" in the 24th Judicial District Court for Jefferson Parish, State of Louisiana.[8] In the petition, Plaintiff asserts that USAA provided a policy of insurance covering Plaintiff's property and the "contents therein against perils including hurricanes, wind, hail, and/or water" during the period Hurricane Ida made landfall.[9] Plaintiff named only USAA as a defendant in the petition.[10] Plaintiff avers that her property sustained damage from the Hurricane, and that she timely reported losses to USAA as required by the policy of insurance.[11] Plaintiff asserts that USAA's estimate after inspection of the property underreported the extent of property damage.[12] Plaintiff brings Louisiana state law claims for breach of insurance contract and bad faith insurance adjusting.[13]

---

[6] Rec. Doc. 1-1 at 1–6.

[7] *Id.*

[8] Rec. Doc. 1-1.

[9] *Id.* at 3.

[10] *Id.* at 1.

[11] *Id.*

[12] *Id.* at 4.

[13] *Id.* at 5–6.

On May 18, 2022, Garrison removed this civil action to this Court, arguing that it was "improperly named in the Petition for Damages as USAA Insurance Company."[14] Garrison contended that removal was proper under 28 U.S.C. § 1332 because Plaintiff is a citizen of Louisiana, while Garrison is a citizen of Texas, and that "[t]here are no other parties in interest in this litigation."[15] On June 3, 2022, Plaintiff filed the instant "Motion to Remand."[16] On June 21, 2022, Garrison opposed the motion.[17]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion*

Plaintiff argues that this matter must be remanded because Plaintiff and USAA are not diverse.[18] Plaintiff claims that because "USAA is the only Defendant named to date," the fact that Garrison is diverse from Plaintiff does not create subject matter jurisdiction under 28 U.S.C. § 1332.[19] Plaintiff contends that USAA is a reciprocal inter-insurance exchange treated as an unincorporated association.[20] Plaintiff notes that other judges in this district have found that USAA "is a reciprocal insurance organization that has members in all fifty states, and therefore is a citizen

---

[14] Rec. Doc. 1.

[15] *Id.*

[16] Rec. Doc. 7.

[17] Rec. Doc. 9.

[18] Rec. Doc. 7-1 at 1–2.

[19] *Id.* at 3.

[20] *Id.* at 4.

of Louisiana."[21] Therefore, Plaintiff argues that remand is appropriate because the parties are not diverse.[22]

**B.      *Garrison's Opposition to the Motion for Remand***

Garrison argues that USAA is not a true party in interest, and "this Court must look to the citizenship of Garrison," because "Garrison issued [Plaintiff's] policy and reciprocal exchange."[23] Garrison asserts that Plaintiff attempts to conflate "United Services Automobile Association" with "USAA Insurance Company."[24] Garrison contends that "the former is the proper, reciprocal interinsurance exchange, and the latter is the fictitious entity Plaintiff manufactured to defeat federal jurisdiction."[25] Garrison claims that the Notice of Removal asserts a valid basis for diversity jurisdiction because Plaintiff is a citizen of Louisiana, and Garrison is a citizen of Texas.[26] Garrison avers that the plain text and provisions of the policy at issue "expressly provides that [Garrison] is the insurer in this policy."[27] Garrison provides excerpts of the policy which indicate that Garrison is the insurer of Plaintiff's property.[28] Therefore, Garrison argues that the motion to remand should be denied.[29]

---

[21] *Id.* at 3 (citing *Cruz v. USAA Ins. Co.*, 2:21-cv-00515-WBV-KWR, Order and Reasons, Document 15 (Vitter, J.) (6/29/21)).

[22] *Id.*

[23] Rec. Doc. 9 at 15.

[24] *Id.* at 2.

[25] *Id.*

[26] *Id.* at 8.

[27] *Id.* at 7.

[28] *Id.* at 8–10.

[29] *Id.* at 15.

### III. Legal Standard

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[30] Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[31] Under 28 U.S.C. § 1441(a), only a defendant may remove a case from state court to federal court.[32] The removing party bears the burden of demonstrating that federal jurisdiction exists.[33] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal," and "[a]ny ambiguities are construed against removal."[34] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[35] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[36]

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[37] Furthermore,

---

[30] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

[31] 28 U.S.C. § 1331.

[32] *See, e.g.*, *Salazar v. Allstate Tex. Lloyd's Inc.*, 455 F.3d 571, 573 (5th Cir. 2006).

[33] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[34] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[35] *Id.* at 723.

[36] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[37] 28 U.S.C. § 1331.

pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."[38]

## IV. Analysis

The Court begins by noting that although Plaintiff filed suit against Defendant USAA Insurance Co., the case was removed to this Court by nonparty Garrison.[39] In the Notice of Removal, Garrison argued that this Court has subject matter jurisdiction over the action because there is diversity of citizenship between Garrison and Plaintiff.[40] In the motion to remand, Plaintiff argues that this case must be remanded because there is no diversity of citizenship between the named parties named in this civil action, USAA and Plaintiff.[41]

Here, Garrison has not asserted a proper basis for this Court to exercise subject matter jurisdiction over this case. The removing party bears the burden of demonstrating that federal jurisdiction exists.[42] Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. An entity who is not a named party in the plaintiff's petition, does not move to intervene, or otherwise request that the state district court substitute it as the proper party in interest, lacks the authority to remove an action from state court into federal court.[43] Furthermore, the Fifth Circuit has determined that a district court cannot "create removal

---

[38] 28 U.S.C. § 1332(a).

[39] Rec. Doc. 1.

[40] *Id.*

[41] Rec. Doc. 7.

[42] *See Allen*, 63 F.3d at 1335.

[43] *See, e.g., Salazar*, 455 F.3d at 575; *Hous. Auth. Of City of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) ("We conclude that HUD was not made a party to the suit, a precondition for the district court to have removal jurisdiction under either [28 U.S.C. § 1441 or § 1442(a)(1)].").

jurisdiction based on diversity by substituting parties."[44]

In *De Jongh v. State Farm Lloyds, Inc.*, the Fifth Circuit vacated a final judgment entered by a federal district court and remanded the case to the district court with instruction to remand to state court.[45] There, the plaintiff originally filed a case in state court for breach of insurance contract and duty of good faith under Texas law against defendant State Farm Lloyds, Inc. (Lloyds").[46] Thereafter, State Farm Lloyds ("State Farm"), a non-party to the suit, removed the case to federal court, alleging that it was improperly named as Lloyds in the petition and that removal was proper because it was diverse from the plaintiff.[47] The Fifth Circuit found that the State Farm "lacked the authority to remove [the] action to federal court."[48]

Here, as in *De Jongh,* Garrison is not a named party and did not move to intervene as a party in state court before filing the Notice of Removal. Because Garrison is not the named defendant, it lacks the authority to remove this action to federal court.[49] To be sure, Garrison argues that it, rather than USAA, is Plaintiff's insurer.[50] Nevertheless, the Fifth Circuit has consistently held that this Court cannot create subject matter jurisdiction by substituting an improperly named

---

[44] *Salazar*, 455 F.3d at 573.

[45] 555 Fed. App'x 435, 436 (5th Cir. 2014).

[46] *Id.*

[47] *Id.*

[48] *Id.* at 437.

[49] In *De Jongh*, the Fifth Circuit rejected State Farm's argument that its removal of the suit to federal court was a "procedural defect" that the plaintiff waived when she failed to move for remand within thirty days of removal. *Id.* at 436, n.5. The Fifth Circuit reasoned that State Farm's improper removal of the case did not "transform it into a party to the case." *Id.* Similarly, here, Garrison's removal of this case did not transform it into a party to the case whose citizenship could be considered for purposes of establishing diversity jurisdiction.

[50] Garrison also argues that USAA is a fictitious entity Plaintiff manufactured to defeat federal jurisdiction. However, Plaintiff "is the master of [her] complaint." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Moreover, the Court cannot "create removal jurisdiction based on diversity by substituting" Garrison for USAA, even if USAA is a fictitious entity, as USAA suggests. *See Salazar*, 455 F.3d at 573.

defendant for the proper entity.[51] Therefore, remand is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Djuana Sirker's Motion for Remand[52] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is remanded to the 24th Judicial District Court for Jefferson Parish, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 14th day of September, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[51] *See, e.g.*, *Millwood*, 472 F.2d at 272; *Salazar*, 455 F.3d at 575 ("Where an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action.").

[52] Rec. Doc. 7.